IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMBROSIO & SIROIS VENTURE PARTNERS LP, SERIES I, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CASE NO. 4:00CV00052CAS ) |
| MARION BASS SECURITIES CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) |

### MOTION OF PLAINTIFFS TO DISMISS BY STIPULATION OF ALL PLAINTIFFS AND DEFENDANT WEILBACHER

COME NOW Plaintiffs and move the Court for a voluntary dismissal as to Defendant Weilbacher, based on the Stipulation by and between all Plaintiffs and Defendant Weilbacher ("the parties") that the above referenced action, *Ambrosio & Sirois Venture Partners LP, Series I, et al. vs. Marion Bass Securities Corporation, et al.*, cause number 4:00CV00052CAS, originally filed in the United States District Court for the Eastern District of Missouri, Eastern Division, shall be dismissed as to Defendant Weilbacher without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure upon the following terms and conditions:

1. The parties by and through their undersigned attorneys of record, who have authority to sign this Stipulation, stipulate and agree to the following terms and conditions in support of and as consideration for this dismissal without prejudice at Plaintiffs' costs.

2. Any of the Plaintiffs shall have one year from May 18, 2001 to re-file a lawsuit with the claims that were asserted in this lawsuit or could have been asserted in this lawsuit or connected

1

with, related to, or arising from the events alleged in the Plaintiffs' Amended Complaint against Defendant Weilbacher. Any Plaintiff who does not re-file within one year from May 18, 2001, shall be forever barred from ever filing such a lawsuit in the future.

3. In the event any of the Plaintiffs re-file suit within one year of May 18, 2001, Defendant agrees not to raise any claims or defenses based on the passage of time which are not available to Defendant as of May 18, 2001, including but not limited to claims or defenses based upon statutes of limitations, statutes of repose, or latches. In the event any of the Plaintiffs re-file suit within one year of May 18, 2001, Plaintiff(s) also agree not to raise any claims or defenses based on the passage of time which are not available to Plaintiff(s) as of May 18, 2001, including but not limited to claims or defenses based upon statutes of limitations, statutes of repose, or latches.

4. In the event any of the Plaintiffs re-file suit within one year of May 18, 2001 Plaintiffs hereby stipulate and agree that Defendant Weilbacher shall be entitled to seek his reasonable attorneys' fees under the Private Securities Litigation Reform Act incurred in defending this lawsuit.

5. In the event any of the Plaintiffs re-file suit within one year of May 18, 2001, any discovery, including the initial disclosures by the parties, obtained in connection with this suit may be used in the subsequent suit.

6. Plaintiffs further agree that the sole venue for any subsequent suit against Defendant Weilbacher by them or any of their affiliates, successors or assigns, connected with, related to, or arising from the events alleged in the Plaintiffs' Amended Complaint will be the United Stated District Court for the Eastern District of Missouri, Eastern Division.

7. The intent of this stipulation is that no parties to this action will benefit or be harmed by the passage of time between the voluntary dismissal of this cause of action and any subsequent

suit filed within one year by any of the Plaintiffs, connected with, related to, or arising from events alleged in the Plaintiffs' Amended Complaint.

8. The parties reserve the right to raise all claims and defenses in any subsequent suit filed within one year, connected with, related to, or arising from events alleged in the Plaintiffs' Amended Complaint not expressly waived in this stipulation.

9. The voluntary dismissal shall be at Plaintiffs' costs and shall be presented to the Court as a Motion and Stipulation to be signed by the Court.

    Respectfully submitted,

    SANDBERG, PHOENIX & VON GONTARD

By: */s/ Kenneth Brennan*
    John Sandberg, #4251
    Kenneth Brennan, #87729
    One City Centre, 15th Floor
    St. Louis, MO 63101-1880

    Bruce D. Fischman
    Fischman, Harvey & Dutton
    3050 Biscayne Blvd., Suite 600
    Miami, FL 33137
    Attorneys for Plaintiffs

    PAULE, CAMAZINE & BLUMENTHAL, P.C.

By: */s/ Sherri C. Strand*
    Sherri C. Strand, #4480
    165 N. Meramec Avenue, 6th Floor
    St. Louis (Clayton), Missouri 63105
    Telephone No. (314) 727-2266
    Facsimile No. (314) 727-2101
    Attorneys for Defendant Maurice Weilbacher

SO ORDERED:

_____
Hon. Charles A. Shaw, District Judge

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, this ___5___ day of ___June___, 2001, to the following counsel of record:

Steven Garlock
Tracy J. Cowan
Thompson Coburn LLP
One Mercantile Center
St. Louis, MO 63101
Attorneys for Marion Bass Securities,
Marion Bass and Renee Matthews

Theodore J. Sawicki
Alston & Bird LLP
One Atlantic Center
Atlanta, GA 30309-3424
Attorney for Marion Bass Securities,
Marion Bass and Renee Matthews

Thomas H. Ullman
4210 Old Highway 94 South
St. Charles, MO 63304
Attorney for Sean Henry

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 06/05/01 by jjones
4:00cv52    Ambrosio & Sirois vs Marion Bass Security

15:78m(a) Securities Exchange Act

| Name | ID | Fax |
|---|---|---|
| Kenneth Brennan | 87229 | 314-241-7604 |
| Tracy Cowan | 45239 | 314-552-7138 |
| Bruce Fischman | - | 305-576-7079 |
| Steven Garlock | 3184 | 314-552-7146 |
| David Harris | - | 305-576-7079 |
| John Latham | - | 404-881-7777 |
| Christopher Moyen | - | 404-881-7777 |
| John Sandberg | 4251 | 314-241-7604 |
| Theodore Sawicki | - | 404-881-7777 |
| Thomas Ullmann | 13014 | 636-441-2991 |

SCANNED & FAXED BY:

JUN X5 2001

MJM